UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ADAM GAGNIER, | ) | CASE NO. C09-0683-RSM-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE , U.S. PROBATION, | ) ) ) | |
| Respondents. | ) ) | |

Petitioner is a federal prisoner currently incarcerated in the Federal Detention Center in Seattle, Washington. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 4.) Petitioner asserts that he is a Canadian national who renounced his United States citizenship and has been ordered to remain in the United States during the term of his impending supervised release. He seeks an order of deportation in order to avoid breaking any laws upon his release.

"As a general rule, '[28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of

the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" *Id*. (quoting 28 U.S.C. § 2255). In contrast, actions pursuant to 28 U.S.C. § 2241"'challenge the manner, location, or conditions of a sentence's execution[.]'" *Id*. at 956 (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)). A prisoner challenging the execution of his sentence under § 2241 must still establish that he is in "custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3).

In this case, it is not clear whether petitioner is seeking to challenge the imposition or execution of his sentence as it pertains to supervised release. Nor is it clear whether petitioner alleges or could properly allege that he is in custody in violation of the Constitution or laws or treaties of the United States. Moreover, the Court notes that the actual relief sought by petitioner – an order of deportation – would not be available under either § 2241 or § 2255. *See generally Harrison*, 519 F.3d at 955-56.

It is also questionable whether any possible habeas claims by petitioner would be properly before the Court at this time. Petitioner indicates in the petition that he has an appeal pending. (Dkt. 4 at 2.) Given this fact, to the extent the relief sought by petitioner falls within the purview of § 2255, such a motion would be premature. *See United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991) (district courts should not entertain collateral attacks while a direct appeal is pending in either circuit court or the Supreme Court); *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959) (§ 2255 motion may not be entertained if there is a pending appeal because disposition of the appeal may render the motion moot). Similarly, federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and

administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled in part on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006); *accord Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court.") There is no indication in this case that petitioner exhausted any administrative or other remedies prior to filing this petition.

Additionally, while petitioner indicates he is "approaching release from custody[,]" a review of the date and term of his sentencing calls this assertion into question. (Dkt. 4 at 2, 4 (petitioner indicates he was sentenced to 71 months custody on November 29, 2007).) This assertion also raises questions of standing and ripeness, both jurisdictional prerequisites to the pursuit of a claim in this Court. *United States v. Hayes*, 515 U.S. 737, 742 (1995) and *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009). Standing requires a showing of, *inter alia*, future injury both "'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (cited cases omitted). "A claim is not ripe if it involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Streich*, 560 F.3d at 931 (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (internal quotations and citation omitted)). In this case, because it does not appear that petitioner is, in fact, approaching release from custody in the near future, and because the Court lacks details as to the parameters of his supervised release, it is not clear whether petitioner satisfies either jurisdictional prerequisite to the pursuit of his claim.

Finally, a petitioner for habeas corpus relief must name the officer having custody of him or her as the respondent to the petition. *Stanley v. California Supreme Court*, 21 F.3d 359,

360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the warden of the prison where petitioner is incarcerated. *Id.* If the petitioner is on probation or parole, the proper respondents are generally the probation or parole officer having custody over petitioner and the attorney general of the state in which petitioner was convicted. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. Because petitioner names the U.S. Department of Justice and U.S. Probation as the respondents in this action, the court lacks personal jurisdiction to consider his § 2241 petition.

Given all of the above, petitioner is hereby ORDERED to show cause, not later than **thirty (30) days** from the date of this Order, why this action should not be dismissed. Petitioner must address why he believes his claims are appropriately brought in this Court and pursuant to § 2241, and must address all of the timeliness, jurisdictional, and other issues addressed above. Moreover, if petitioner intends to further pursue this action, he must identify a proper respondent. Failure to timely respond to this Order will result in a recommendation that the action be dismissed. *See* 28 U.S.C. § 1915A(b)(1) (the court shall dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted). The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 11th day of June, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER TO SHOW CAUSE
PAGE -4